**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO TELLEZ GUTIERREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-04201-CTS<br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

On July 28, 2026, Petitioner Antonio Tellez Gutierrez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) The Petition names as Respondents Markwayne Mullin, Secretary, U.S. Department of Homeland Security ("DHS"); Todd Blanche, Acting U.S. Attorney General; David Venturella, Acting Field Office Director; Warden, Adelanto ICE Processing Center/Desert View Facility; Executive Office for Immigration Review; ICE;

United States Citizenship and Immigration Services; and DHS ("Respondents"). (Pet. 1.[1]) On August 4, 2026, Respondents filed an Answer to the Petition. (Ans., ECF No. 8.) On August 7, 2026, Petitioner filed his Reply. (Rep., ECF No. 10.) For the reasons set forth below, the Court GRANTS IN PART the Petition and ENJOINS Respondents from continuing to detain Petitioner unless he is provided with a bond hearing, as detailed below, within seven days of the date of this Order.

## II. BACKGROUND

The Petition[2] alleges that Petitioner is a native and citizen of Mexico who was born in 1972. (Pet. ¶ 8.) He has no arrests or criminal convictions in any country. (*Id.*) He entered the United States without inspection over three decades ago and was not apprehended. (*Id.* at ¶ 9.) He has two U.S. citizen daughters. (*Id.* at ¶ 17.)

On June 17, 2026, around 6:30 a.m., Petitioner was detained by ICE officers outside his home as he was preparing to leave for work. (*Id.* at ¶ 10.) During his arrest, the officers tackled Petitioner to the ground; his back struck the curb and his head hit the ground. (*Id.* at ¶ 11.) He was transported to the Santa Ana Field Office, but personnel at that facility did not allow the officers to leave him there due to his injuries, which prevented him from standing or walking on his own. (*Id.* at ¶ 12.) He was transported to a hospital for medical evaluation and treatment; after his release, he was transported to Adelanto ICE Processing Center. (*Id.* at ¶¶ 12–13.)

///

[1] Pinpoint citations refer to paragraphs and, where none, to the page numbers in the CM/ECF-generated headers of filed documents.

[2] In support of the Petition, Petitioner attaches the following documents: Declaration of Dulce Nataly Velasque ("Declaration," ECF No. 1-1); Petitioner's Notice to Appear ("Exhibit A," ECF No. 1-1); and (3) the immigration judge's order denying bond ("Exhibit B," ECF No. 1-1).

DHS did not present Petitioner with a warrant, removal order, notice, or determination regarding his flight risk or danger. (*Id.* at ¶ 14.) On June 17, 2026, DHS served Petitioner with a Form I-862, Notice to Appear, charging him under the Immigration and Nationality Act ("INA") § 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i) (present without being admitted or paroled) and INA § 212(a)(7)(A)(i)(I), 8 U.S.C § 1182(a)(7)(A)(i)(I) (no valid documents). (*Id.* at ¶ 15.) Petitioner's removal proceedings are pending. (*Id.* at ¶ 16.) On June 26, 2026, after Petitioner requested a custody determination, his request was denied by an immigration judge who determined that the immigration court lacked jurisdiction over the request for custody redetermination, notwithstanding that judge's acknowledgement of the final order in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025), *judgment entered*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (*Id.* at ¶ 18; Ex. B.)

## III. PETITIONER'S CLAIMS

Petitioner challenges his detention on three grounds: (1) Violation of Substantive Due Process (Pet. ¶¶ 56–61); (2) Violation of Procedural Due Process (*id.* at ¶¶ 62–68); and (3) Violation of the INA and Maldonado Bautista Class Membership (*id.* at ¶¶ 69–76). He seeks immediate release or, in the alternative, an order that Petitioner be released on reasonable conditions unless the government demonstrates at a hearing before this Court and not by remand to the immigration court, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure his future appearance or the safety of the community. (*Id.* at 23–24.)

## IV. DISCUSSION

Petitioner alleges that, under agency practice in place at the time of his detention and through the time he filed his Petition on July 28, 2026, he was denied

a bond hearing for lack of jurisdiction, and he could not "receive any individualized review before a neutral arbiter of whether [his] detention [was] justified." (*Id.* at ¶ 18.) This was due to Respondents' treatment of "Petitioner as an applicant for admission subject to mandatory detention." (*Id.*)

Two days after the Petition was filed, the Ninth Circuit addressed this question. *Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026). The *Rodriguez Vazquez* court held that noncitizens like Petitioner, who are "present without admission [and] who are apprehended in the interior of the United States[,] are subject to the detention regime of [8 U.S.C.] § 1226, not § 1225(b)(2)(A)." *Id.* at *3. Thus, the Ninth Circuit has confirmed that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and that Petitioner is therefore entitled to "extensive procedural protections that are unavailable under other detention provisions, including several layers of review of the agency's initial custody determination, *an initial bond hearing before a neutral decisionmaker*, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1202 (9th Cir. 2022) (emphasis added); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."). Not surprisingly, then, Respondents now admit that, under *Rodriguez Vazquez*, "Petitioner appears to be entitled to request and receive an initial bond hearing." (Ans. 2.)

However, Respondents argue that the Petition should nonetheless be denied, and judgment entered in Respondents' favor—because, as Petitioner appealed the immigration judge's decision to deny a bond hearing (a decision that was in direct contravention of a then-binding judgment of the United States District Court for the Central District of California) to the Board of Immigration Appeals ("BIA"), and the BIA has not yet ruled on the matter, Petitioner has not yet exhausted his

administrative remedies. (Ans. 2.) On habeas review under Section 2241, the exhaustion requirement is prudential, not jurisdictional. *See Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018). Under the circumstances presented here, the Court declines to require Petitioner to wait any longer for the custody redetermination he should have received shortly after his June 16, 2026 detention, and which Respondents now agree that Ninth Circuit law requires he receive. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result"). The Court finds that it would be inadequate, not efficacious, and result in irreparable injury to require Petitioner to wait for the BIA to either grant the same relief to which the parties already agree Petitioner is entitled or to ignore binding Ninth Circuit precedent in order to deny that relief.

The Court notes that the Petition requests either immediate release from custody or a bond hearing before this Court. (Pet 22.) However, the appropriate remedy at this stage "is an order requiring an individualized bond hearing be held" before an immigration judge within seven days. *Flores Arroyo v. Mullin*, No. 5:26-CV-04263-KES, 2026 WL 2337883, at *1 (C.D. Cal. Aug. 12, 2026). The Court also notes that questions regarding the appropriate standard of proof to be applied at such a hearing, or which party should bear the burden of proof, were not directly addressed by the *Rodriguez Vazquez* decision. *See generally Rodriguez Vazquez*, 2026 WL 2196424. Accordingly, and consistent with many recent decisions in this district confirming that Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, *see, e.g.*, *Melchor-Melchor v. Noem*, No. 5:26-CV-00766-SSS-BFM, 2026 WL 760058, at *1 (C.D. Cal. Mar. 16, 2026) (ordering petitioner's immediate release after court-ordered bond hearing because it was "clear that the IJ did not hold Respondents to a

clear and convincing burden" at that hearing), the Court hereby ENJOINS Respondents from continuing to detain Petitioner unless, within seven days of the date of this Order, he is provided with a bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

## V. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. The Petition is GRANTED;
2. Respondents are ENJOINED from continuing to detain Petitioner **Antonio Tellez Gutierrez (A 220-487-341)** unless, within seven (7) days of the date of this order, he is provided with an individualized bond hearing before an immigration judge at which Respondents bear the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public; and.
3. The parties must file a joint status report within fourteen (14) days of the date of this order, which must discuss the results of any bond hearing held and address the question of whether the remainder of the Petition has been rendered moot; if Petitioner is not released from custody and the parties do not agree that the case is moot, Respondents must attach a copy of the transcript of the bond hearing to the joint status report.

DATED: August 17, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE