**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTONIO TELLEZ GUTIERREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | **CASE NO.** 5:26-CV-04201-CTS<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE** |

## I. INTRODUCTION

On July 28, 2026, Petitioner Antonio Tellez Gutierrez ("Petitioner"), represented by counsel, filed a Petition for Writ of Habeas Corpus ("Petition"). (Pet., ECF No. 1.) The Petition alleges that Petitioner is in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") in Adelanto, California, and that he is being held in violation of the Constitution and laws of the United States. (*See generally* Pet.) For the reasons set forth below, the Court GRANTS the Petition and ORDERS that Petitioner be released immediately.

## II. BACKGROUND[1]

On August 17, 2026, the Court granted in part the Petition and enjoined Respondents from continuing to detain Petitioner unless Petitioner received a bond hearing before an immigration judge ("IJ") within seven days. (ECF No. 11, at 5–6.) The Court also ordered the parties to submit a joint status report following the bond hearing to address the question of whether the remainder of the Petition had been rendered moot, and to attach the transcript of the bond hearing if the parties did not agree on mootness. (ECF No. 11, at 6.) The parties filed a joint status report concerning the bond hearing on September 1, 2026, in which Petitioner argued that the bond hearing he received was not constitutionally adequate and Respondent argued that the Court lacked jurisdiction to review the outcome of the bond hearing. ("Joint Report," ECF No. 12.) The parties did not attach the bond hearing transcript to their September 1, 2026 joint status report. The Court ordered the parties to submit the bond transcript (ECF No. 13), and the parties did so on November 3, 2026 ("Tr.," ECF No. 15-2).

The transcript reflects that Petitioner received a bond hearing on August 21, 2026. (Tr. 1.) At the outset of the bond hearing, Petitioner's counsel raised an objection to the Form I-213 Respondents submitted to the IJ. (Tr. 2.) The Form I-213, as described by Respondents at the hearing, states that when immigration officers identified themselves to Petitioner, he fled, tripped on the curb and injured himself, and then tried to run again. (Tr. 3.) According to Respondents, the I-213 also states that Petitioner then actively resisted the officers by yelling and swaying to avoid being handcuffed, and an officer was injured during Petitioner's arrest. (Tr. 3.) Petitioner's counsel strenuously objected to the account in the I-213 and represented to the IJ that she had reviewed video footage of the arrest that

---

[1] The Court incorporates the facts set forth in its Order on August 17, 2026 (ECF No. 11) and does not restate them here.

contradicted Respondents' "lies and self serving" account in the I-213. (Tr. 2.) She offered to email the video footage to the IJ. (Tr. 2.) The IJ did not accept counsel's offer, and instead "noted" and "admit[ted]" the objection, and stated, "what weight if any it will receive will be determined later." (Tr. 2.)

During the parties' substantive arguments at the hearing, Respondents' argument for detention rested primarily on the account of Petitioner's arrest in the I-213 as a basis for flight. (Tr. 2–3.) Respondents acknowledged Petitioner's counsel objection to the I-213 but stated that Petitioner's counsel "cannot testify in her client's matter." (*Id.*) Respondents also briefly argued that Petitioner's tax returns had two different social security numbers, he entered illegally, appeared to be unmarried and without children in the United States, and had not applied for immigration relief. (Tr. 2.)

Petitioner's counsel stated that Petitioner was in fact married with two United States citizen children, that he had deep ties to his community, had been in the United States for over 20 years, and had a family member sponsor. (Tr. 3–4.) Regarding the I-213, Petitioner's counsel stated that the allegations of flight and resisting arrest were false and contradicted by video footage that she again offered to provide to the IJ, particularly in light of Respondents' allegation that she was attempting to testify on behalf of her client. (Tr. 4.)

For a second time, the IJ rejected Petitioner's counsel's offer to provide him with contemporaneous video footage. (Tr. 4.) The IJ stated that "the court does not accept emails with that evidence from either party and it's a little tricky to get videos into the record and immigration proceedings[. I]t's not impossible but it is a little tricky." (Tr. 4.) The IJ further noted that "prof[f]ers of evidence can be presented certainly attorney statements are not evidence per se," and that he "can consider that with what weight the court will give that same thing as the I-213 that remains to be seen." (Tr. 4.) The IJ then asked Petitioner about a fixed address, and Petitioner, appearing by videoconference with a translator, confirmed he had

been living at the same rental home for over 20 years. (Tr. 5–6.)

The IJ deferred decision until after the hearing and then denied bond in a written order, finding that "DHS met its burden to establish by clear and convincing evidence that the applicant's release would pose such a significant flight risk that no amount of bond and/or alternatives to detention would be appropriate." (IJ Order, ECF No. 15-1, at 1.) The IJ expressly relied on: "inconsistent usage of a social security numbers [sic] and/or ITINs, alleged attempt to flee and otherwise resist immigration enforcement, and speculative relief that would allow him to remain in the United States." (*Id.*)

## III. SUPPLEMENTATION UNDER RULE 15

As a threshold matter, the Court addresses whether it may consider Petitioner's challenge to the constitutional adequacy of the bond hearing, as the bond hearing occurred after the filing of the Petition. Under 28 U.S.C. § 2242, a petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Federal Rule of Civil Procedure 15(d) provides that the court may permit a party to supplement a pleading "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Courts have broad discretion to permit such supplementation. *Cardenas-Ornelas v. Johnson*, No. 24-6755, 2026 WL 237695, at *1 (9th Cir. Jan. 29, 2026) (construing district court's reliance on additional factual allegations raised in summary judgment appendix and postdating complaint in granting summary judgment as granting leave under Rule 15(d) to supplement the complaint).

Here, the Petition alleged a substantive due process claim asserting that his detention did not bear a reasonable relation to a non-punitive purpose as he is neither a flight risk nor a danger to the community (Pet. ¶¶ 56–61); a procedural due process claim based on defects in his arrest and the fact that he did not receive

an adequate bond hearing (*id.* at ¶¶ 62–68); and a claim for violation of his right to a bond hearing under *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1110–16 (C.D. Cal. 2025) (*id.* at ¶¶ 69–76). In granting in part the Petition, this Court rejected Respondents' exhaustion argument and ordered a bond hearing. (ECF No. 11, at 4.) The additional facts regarding the subsequent bond hearing are directly related to the Petition's original due process challenges to Petitioner's detention and inadequate bond hearing. And, by allowing the Court to adjudicate the constitutionality of Petitioner's ongoing detention already before the Court, permitting this supplementation "promote[s] the economical and speedy disposition of the controversy," consistent with the purpose of Rule 15(d). *Keith v. Volpe*, 858 F.2d 467, 473–74 (9th Cir. 1988).

Respondents have also received notice of these additional factual allegations from the August 21, 2026 bond hearing and had an opportunity to respond. The Court directed the parties to submit a joint report addressing whether that bond hearing rendered the remainder of the Petition moot. (ECF No. 11, at 6.) Petitioner argued that the claims in the Petition were not moot because the bond hearing was constitutionally defective. (Joint Report 3-12.) Respondent argued that the bond hearing was "constitutionally sufficient," and that this Court does not have jurisdiction to re-weigh evidence or second guess the IJ's bond determination. (Joint Report 17–20.)

The Court thus construes Petitioner's arguments in the Joint Report as a request to supplement his habeas petition under Rule 15(d). The Court grants leave to supplement and will thus consider the additional facts of the August 21, 2026 bond hearing and the parties' arguments regarding that hearing in evaluating the due process claims in the Petition.

## IV. LEGAL STANDARD

A writ of habeas corpus may be granted to any petitioner who demonstrates

"he is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(a), (c)(3). The writ is "available to every individual detained within the United States," *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004), including non-citizens in the custody of immigration authorities. *Doe v. Garland*, 109 F.4th 1188, 1194 (9th Cir. 2024) (holding that petition challenging alien's detention without bond hearing fell within the "core of habeas"). A petitioner bears the burden of proving by the preponderance of the evidence that he is entitled to habeas relief. *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

## V. DISCUSSION

### A. Exhaustion

On habeas review under Section 2241, the exhaustion requirement is prudential, not jurisdictional. *See Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018). Respondents contend that Petitioner has failed to exhaust his administrative remedies because he bypassed appeal to the Board of Immigration Appeals ("BIA"). (Ans. 2; Joint Report 12.) Under the circumstances presented here, as described below, the Court declines to require Petitioner to wait any longer for an adequate custody redetermination. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (prudential exhaustion requirement may be waived where administrative remedies "are inadequate or not efficacious" or where "irreparable injury will result").

As another court in this district has recently stated:

> Upon consideration of the *Puga* factors, the Court finds that prudential exhaustion is not required in this case. First, the BIA's expertise in immigration bond decisions is not necessary to decide the legal questions at issue here—whether Petitioner's bond hearing was constitutionally adequate. *See Soriano v. Hernandez*, No.

> 2:26-cv-00900-DGE, 2026 U.S. Dist. LEXIS 79044, at *9 (W.D. Wash. Apr. 10, 2026) (finding the first *Puga* factor weighed against requiring prudential exhaustion because the BIA's expertise was not needed to address the issue of "whether, as a matter of law, the undisputed evidence presented at the bond hearing could establish that Petitioner posed a flight risk"). Second, "waiver of the prudential exhaustion requirement will not 'encourage the deliberate bypass of the administrative scheme,'" and "[a]ny risk of deliberate bypass of administrative procedures is further reduced by the fact that district courts will only have jurisdiction in the 'rare case[s]' where future plaintiffs allege a 'colorable' constitutional or legal challenge to the government's procedures." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (quoting *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001)). Lastly, where the Petition presents constitutional due process concerns, "the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error." *Soriano*, 2026 U.S. Dist. LEXIS 79044, at *10. Therefore, Petitioner was not required to exhaust his administrative remedies before proceeding with his Petition in this Court.

*Heboud v. Blanche*, 5:26-cv-03484-KS, 2026 WL 2494985, at *3 (C.D. Cal. Aug. 24, 2026). Furthermore, the Court notes the average processing time for bond appeals of over 200 days in 2024, and a BIA backlog of 202,946 pending appeals at the end of fiscal year 2025. *Maldonado v. Mullin*, 2:26-cv-05168-BFM, 2026 WL 1625355, at *2 (C.D. Cal. June 2, 2026). Petitioner has been in the United States for over 30 years, had employment, has two United States citizen daughters, and has already been in custody for over five months. (Pet. ¶¶ 9, 10, 17.) Requiring Petitioner to exhaust his appeal while continuing to be in custody given the current BIA backlog, particularly while he has a full life with employment and meaningful community ties outside of custody, would cause irreparable injury. *See id.* The Court reaches the same conclusion here as in *Heboud* and *Maldonado*, and finds

that under the circumstances of this case, Petitioner was not required to exhaust his administrative remedies before pursuing his constitutional claims in this Court.

**B. Jurisdiction**

The Ninth Circuit has held that an IJ's determination that a detainee poses a danger to the community or a flight risk is a mixed question of law and fact that may be reviewed for abuse of discretion. *Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024) (finding that *Wilkinson v. Garland*, 601 U.S. 209 (2024), "compels the conclusion that application of the 'dangerousness' standard is a reviewable mixed question"); *Gonzalez Reyes v. Rios*, No. EDCV 26-3830 JGB (DFM), 2026 WL 2190830, at *3 n.1 (C.D. Cal. July 28, 2026) ("Although *Martinez* involved a dangerousness determination, the same rationale applies to detention decisions based on flight risk."); *Padilla Jimenez v. Mullin*, No. 5:26-CV-03624-MBK, 2026 WL 2076496, at *3 (C.D. Cal. July 15, 2026) (same). "[F]actual questions raised in an application for discretionary relief remain unreviewable." *Martinez*, 124 F.4th, at 782 (cleaned up).

Respondent argues that, under 8 U.S.C § 1226(e), this Court does not have jurisdiction to consider the IJ's detention decision. (Joint Report 8.) The Petition, as supplemented by the facts of the bond hearing and arguments in the Joint Report, alleges procedural due process violations arising from the IJ's decision. Review of an IJ's alleged findings on flight or dangerousness under due process are at the core of the mixed question review *Martinez*, as applied by district courts in this Circuit. *Martinez*, 124 F.4th at 784. The Court has jurisdiction to review Petitioner's claims.

**C. Procedural Due Process**

The Due Process Clause prohibits deprivations of life, liberty, and property without due process of law. U.S. Const. amend. V. "[T]he Due Process Clause

applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "'It is well established that the Fifth Amendment entitles aliens to due process of law' in the context of removal proceedings." *Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)); *see also Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) (holding that "[i]mmigration proceedings must provide the procedural due process protections guaranteed by the Fifth Amendment"). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). In *Vilchez*, the Ninth Circuit specified that a due process violation occurs where "(1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation." 682 F.3d at 1199 (internal citation and quotation marks omitted).

In reviewing the IJ's bond determination, the Court does so under an abuse of discretion standard and thus "cannot reweigh evidence," but instead determines whether the IJ "applied the correct legal standard." *Martinez*, 124 F.4th at 785 (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). As one Court in this district recently summarized in finding that an IJ abused his discretion by finding a similar habeas petitioner to be a flight risk:

> An immigration [court] "'abuses its discretion when its decision is arbitrary, irrational, or contrary to law,'" *Pleitez-Lopez v. Barr*, 935 F.3d 716, 719 (9th Cir. 2019) (quoting *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011)), or "'when it fails to state its reasons and show proper consideration of all factors when weighing equities and denying relief.'" *An Na Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) (quoting *Ahmed v. Holder*,

569 F.3d 1009, 1014 (9th Cir. 2009)).

*Gonzalez Reyes*, 2026 WL 2190830, at *4. While an IJ has "broad discretion to weigh the listed factors and add any factors not mentioned or discount those that are less probative," *Martinez*, 124 F.4th at 784, the Ninth Circuit has also explained that an immigration agency "abuses its discretion when it fails to consider and address in its entirety the evidence submitted by a petitioner and to issue a decision that fully explains the reasons for [the decision]." *Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (internal quotations omitted). Thus, although IJs have "broad discretion to conduct bond proceedings . . . based on proffers," "where the opposing party offers an alternative proffer on a material fact or challenges a proffer because it lacks corroboration or is inconsistent with other record evidence, the Immigration Judge should assess the reliability and probative value of the information presented and explain the weight attributed to each proffer." *Matter of G-M-T*, 30 I. & N. Dec. 228, 229 (BIA 2026).

"While an IJ is not required to 'discuss each piece of evidence submitted,' 'where there is any indication that the [IJ] did not consider all of the evidence before [him],' such as 'failing to mention highly probative or potentially dispositive evidence,' an IJ's general statement that it considered all the evidence is insufficient." *Miguel Pedro v. Mullin*, No 5:26-CV-4303-MBK, 2026 WL 2677303, at *6 (C.D. Cal. Sept. 11, 2026) (citing *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011)) (first alteration in original). In *Martinez*, the Ninth Circuit applied *Cole* to a Board of Immigration Appeals ("BIA") detention decision and declined to find the BIA abused its discretion; in short, because the BIA "reviewed the record" and discussed mitigating evidence there were no "red flags," and the BIA could thus be taken "at its word" that it applied the correct burden of proof and reviewed all the evidence in the record. 124 F.4th at 785.

Red flags abound here. The proceeding before the IJ was an abuse of discretion and fundamentally unfair in violation of Petitioner's due process rights.

First, the IJ repeatedly refused to receive material, potentially exculpatory evidence in the form of a contemporaneous video of Petitioner's arrest. (Tr. 2, 4.) At the hearing, Respondents relied on the I-213 and argued in detail that Petitioner fled and resisted immigration officers. (Tr. 2-3.) Petitioner's counsel expressly disputed the veracity of the I-213 by pointing out contradictions in the reporting officer's account, proffering facts, and twice offering to show the IJ contemporaneous video evidence of Petitioner's arrest. (Tr. 2, 4.) As characterized by Petitioner's counsel, the contemporaneous video contradicted the account in the I-213 (Tr. 2, 4) and thus was not cumulative or duplicative evidence. Respondents never challenged the content of the video, instead reciting the facts contained in the I-213 and arguing that Petitioner's counsel could not testify for her client. (Tr. 2-3.) The IJ rejected each of Petitioner's counsel's offers to show him the video, claiming that getting videos into the record is "not impossible but it is a little tricky." (Tr. 2, 4.) The IJ's refusal to consider the material evidence being offered was error. *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) (holding that the IJ violated due process by relying on the government's Report of Investigation to terminate asylum status because the petitioners "were not afforded a meaningful opportunity to rebut its allegations").

The IJ's refusal to view the video was prejudicial because he expressly relied on Petitioner's "alleged attempt to flee and otherwise resist immigration enforcement" in his decision. (IJ Order 1.) That video would have been the only evidence supporting Petitioner's account, as the IJ specifically stated that Petitioner's counsel's proffer was *not* evidence. (Tr. 4.) When presented with alternative versions of facts, the BIA has held that the immigration court must give "a reasoned explanation for the weight given to each account." *Matter of G-M-T*, 30 I. & N. Dec. at 231. The IJ could not have balanced the account in the I-213 against the video because he refused to view the video. This was an abuse of discretion.

Second, the IJ's decision did not refer to any mitigating evidence presented at the hearing. In his decision, he did not mention any of the following: Petitioner has lived at the same address in Orange, California for over 20 years. (Tr. 7–8.) He is married and has two United States citizen daughters, and Petitioner's counsel represented that he is eligible for immigration relief. (Tr. 14.) Petitioner submitted character reference letters speaking to his deep ties in the community, and he has a sponsor willing to support him. (Tr. 6.) Petitioner also has no criminal history. (Tr. 4.) Indeed, Respondents only raised Petitioner's use of inconsistent identification numbers between Petitioner's tax documents and employment, because Petitioner followed the laws and filed his taxes. (Tr. 3.) The IJ's failure to mention any mitigating evidence, when combined with his failure to receive the video of Petitioner's arrest, was a "red flag," and in light of that "red flag," the Court does not credit the IJ's use of a "catchall phrase" purporting to show that he considered all risk factors and properly applied the burden after individualized consideration of Petitioner's bond request. *Martinez*, 124 F.4th at 785.

As the IJ failed to mention any mitigating evidence, he also necessarily failed to balance the factors specific to Petitioner's case. In addition to allegations in the I-213 that was the focus of the bond hearing, the IJ also listed "surreptitious entry," "inconsistent usage of a social security number and/or ITINs," and "speculative relief," as factors he considered in finding flight risk. (IJ Order 1.) Each of those factors favors Respondents; none favor Petitioner, despite the mitigating evidence presented at the hearing, as discussed above. For example, as to "speculative relief," the IJ did not explain why Petitioner's claim was speculative, much less explain how the strength or weakness of Petitioner's claim outweighed the employment and community ties in this case that would cause Petitioner to be a risk of flight instead of pursuing his active immigration case. This was an abuse of discretion. *See, e.g., Gonzalez Reyes*, 2026 WL 2190830, at *5 (finding an abuse of discretion because "[a]lthough an immigration judge may consider the likelihood of

receiving relief based on specific facts presented in a particular case, the judge here did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case"); *Soriano*, 830 F. Supp. 3d 1071, 1081 (W.D. Wash. 2026) (finding an abuse of discretion where the IJ did not explain how the relative strengths or weaknesses of Petitioner's claims for relief outweighed the specific circumstances presented in this case).

The Court thus rejects Respondent's argument that the bond hearing was "constitutionally proficient" simply because "Petitioner was afforded the opportunity to present evidence, and presented his arguments." (Joint Report 10.) Due process requires a *meaningful* opportunity to present material evidence and rebut adverse allegations. The IJ's reliance on a disputed allegation of flight and resisting arrest, while refusing to consider readily identifiable, potentially exculpatory evidence in the form of a contemporaneous video of the disputed facts without an adequate justification, and declining to weigh any of the factors showing risk of flight against the mitigating evidence presented at the hearing, was an abuse of discretion. This inadequate bond hearing violated Petitioner's right to due process under the Fifth Amendment.

**D. Remedy**

Having found that the IJ's decision was an abuse of discretion in violation of Petitioner's due process rights, the Court turns to the appropriate remedy. "In habeas cases, federal courts have broad discretion in conditioning a judgment granting relief." *Lujan v. Garcia*, 734 F.3d 917, 933 (9th Cir. 2013). "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Id*. (quoting *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987)). "Upon determining that an [immigration judge] provided a petitioner with a legally or constitutionally inadequate bond hearing, district courts have either ordered petitioner's immediate release [ ] or ordered that Respondents provide

petitioner with a new constitutionally adequate bond hearing." *Gonzalez Reyes*, 2026 WL 2190830, at *6 (quoting *Perez Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *7 (S.D. Cal. Apr. 16, 2026) (collecting cases)). Here, the Court finds that the appropriate remedy is release. *See Gonzalez Reyes*, 2026 WL 2190830, at *7 (finding that the appropriate remedy was immediate release from custody). Petitioner has now received two constitutionally inadequate bond hearings, on June 26, 2026, and now again on August 21, 2026. No adequate legal basis for continued detention remains on the established record. No present constitutionally valid custody determination supports continued detention. Under these particular circumstances, the Court concludes that immediate release, subject to reasonable conditions of supervision, is the appropriate remedy. *See Soriano*, 830 F. Supp. 3d at 1081; *see also Gonzalez Reyes*, 2026 WL 2190830, at *7 (ordering Respondents to immediately release petitioner "subject only to narrowly tailored conditions of release no more restrictive than necessary"); *Poot v. Mullin*, No. 5:26-CV-3321-CTS, 2026 WL 2659590, at *10 (C.D. Cal. Sept. 9, 2026) (same).

## VI. CONCLUSION

IT IS THEREFORE ORDERED THAT:

1. Judgment shall be entered GRANTING the Petition; and
2. Respondents MUST RELEASE **Petitioner Antonio Tellez Gutierrez (A 220-487-341)** from custody within 24 hours of entry of this Order under reasonable conditions of release no more restrictive than necessary to ensure his appearance as required.

DATED: November 24, 2026

CHRISTINA T. SHAY
UNITED STATES MAGISTRATE JUDGE